# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **EDDIE LEE SMITH,** | ) | **CASE NO. 5:19CV1496** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **EDWARD SHELDON, WARDEN** | ) | **JONATHAN D. GREENBERG** |
| **Mansfield Correctional Institution,** | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | **(Doc. No. 6)** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the petition of Eddie Lee Smith ("Smith" or "Petitioner") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Currently pending is Smith's Motion for Stay of State Court Sentence/Proceedings Pursuant to 28 U.S.C. § 2251. (Doc. No. 6.) Respondent Edward Sheldon ("Sheldon" or "Respondent") opposes the motion. (Doc. No. 7.) Smith filed a Response in support of his Motion on October 28, 2019. (Doc. No. 10.) For the following reasons, it is recommended Smith's Motion to Stay (Doc. No. 6) be DENIED.

Smith filed his petition for writ of habeas corpus in this Court on June 28, 2019, raising three grounds for relief. (Doc. No. 1.) Respondent filed his Answer/Return of Writ on October 29, 2019. Smith's Traverse has not yet been filed.[1] (Doc. No. 11.)

---

[1] Smith's Traverse, should he chose to file one, is due 30 days after the filing of Respondent's answer, so by November 28, 2019. It was not necessary to reach the merits of Smith's habeas claim in order to resolve this Motion, and, since the underlying claim has not been fully briefed, the Court did not do so.

Smith seeks a stay of his sentence under 28 U.S.C.A. § 2251. This rule read, in pertinent part:

(a) In general.--

(1) Pending matters.--A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding. . . .

(b) No further proceedings.--After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.

28 U.S.C.A. § 2251. He argues that his sentence should be stayed pending resolution of his habeas claim because his imprisonment violates his rights under state and federal law. (Doc. No. 6 at 1.) He also argues that his continued imprisonment makes his habeas petition futile, since he is due for release on May 13, 2020, and his underlying habeas petition is unlikely to be finally resolved before that date. (*Id.*)

Respondent challenges the whether the Court has the authority to issue a stay under 28 U.S.C.A. § 2251. He cites *Kleczka v. Com. of Mass.*, 259 F. Supp. 462, 465 (D. Mass. 1966), which holds, "[t]he court's power under Title 28 U.S.C. § 2251, refers only to State court proceedings, not to service of sentences imposed by a State court. To grant the petitioner's motion would be equivalent to awarding the writ on the merits."

Smith does not cite any authority for the proposition that the stay provision allows federal courts to stay state-court sentences. However, the case cited by the Respondent is a federal district court decision from Massachusetts decided in 1966. Since then, many other district courts have

2

disagreed with the holding in *Kleczka,* stating "to the extent that *Kleczka, supra*, says that executions of sentences . . . are not 'proceedings' within the terms of 28 U.S.C. § 2251, it does not correctly state the law." *Bates v. Estelle*, 483 F. Supp. 224 (S.D. Tex. 1980). *See also Watson v. Goodwin*, No. CV 15-2060, 2017 WL 906967, at *1 (W.D. La. Mar. 7, 2017), *aff'd*, 709 F. App'x 311 (5th Cir. 2018) ("A federal court has the authority to release a post-conviction habeas corpus petitioner on bail pending a decision on the merits of the habeas corpus petition."); *Stepney v. Lopes*, 597 F. Supp. 11, 13 (D. Conn. 1984) ("A stay, as sought by petitioner, is equivalent to the admission to bail and is within the authority of the court."); *Whitecalf v. Young*, No. Civ. 14-5072-JLV, 2015 WL 224982, at *1 (D.S.D. Jan. 15, 2015).

Those decisions are consistent with the Sixth Circuit ruling in *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990). In *Dotson,* the Court allowed habeas petitioners to receive a stay of sentence pending resolution of their habeas claims, if they satisfied a two-pronged test: "[i]n order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). This test was based in part on a Supreme Court decision denying bail for a habeas petitioner. *Aronson v. May*, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964). In *Aronson*, Justice Douglas wrote:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. Cf. *Yanish v. Barber*, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). In this kind of case it is therefore necessary to inquire whether, in addition

3

>to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice. *See Benson v. California*, 328 F.2d 159 (C.A. 9th Cir. 1964).

*Aronson*, 85 S.Ct. at 5, 13 L.Ed.2d at 9 (Douglas, J., in chambers). In *Dotson*, the Sixth Circuit warned that it was setting a high bar, and "[t]here will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. The Court explained that this high bar is appropriate because "[s]ince a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

While the existence of a substantial claim of law based on the facts of the habeas petition is one of the two factors, the decision to stay a sentence is not intended to be an early judgment on the merits of the petition. "A person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits." *Dotson v. Clark*, 900 F.2d at 78 (citing *Cherek v. U.S.*, 767 F.2d 335, 337 (7th Cir. 1985)). Other district courts in this circuit have interpreted *Dotson* to mean that "release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances." *Bridges v. Barrett*, No. 1:16-CV-1269, 2017 WL 1030500, at *5 (W.D. Mich. Mar. 17, 2017). One example of an exceptional circumstance not tied to the merits of the habeas petition which the Sixth Circuit cited approvingly is a case where the district court granted bail allowing a petitioner who was rapidly going blind from advanced diabetes under the conditions of his confinement to go to a private hospital pending review of his habeas petition. *Jago v. United States Dist. Ct. for the N.D. Ohio*, 570 F.2d 618, 621 622 (6th Cir. 1978) (citing *Johnston*

*v. Marsh*, 227 F.2d 528 (3d Cir. 1955)).

Those exceptional circumstances are missing here. The crux of Smith's argument is that it is fundamentally unjust to require him to continue to serve a sentence that is "unconstitutional under both Ohio's and the United States Constitutions." (Doc. No. 10 at 1.) As the Second Circuit observed, this is not an exceptional circumstance because "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful." *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981). It is also the same argument on which Smith premised his underlying habeas petition. (Doc. No. 1 at 12-15.)

Smith argues that because his "illegal confinement concludes on May 13, 2020," he must be immediately released from prison, or "federal review would be futile and pointless." (Doc. No. 6 at 1.) Smith is correct that a habeas petition filed on June 28, 2019, is unlikely to be finally resolved before May 2020. However, the sentencing documents he references suggest that he may be subject to post-release control by the Adult Parole Authority for up to three years following his release. (Doc. No. 11-1, Ex. 36 at 125.) The Sixth Circuit has held that "[i]ndividuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the "in custody" requirement." *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). As a result, it is probable his habeas petition will not become moot on his release from prison.

The only factors Smith raises that are outside the merits of his habeas petitions are that he has four children, and he has ties to the Akron, Ohio community, including a residence there. (Doc. No. 6 at 10, Doc. No. 10 at 8.) These factors are not neither exceptional nor persuasive, especially given that Smith is currently imprisoned because the trial court found that he had violated the community control supervision to which he was originally sentenced. (Doc. No. 6-2 at 12.) The

record shows no indication that these factors have changed since the state court first granted, then revoked, his release under community control supervision.

Smith's motion fails to establish the existence of any exceptional circumstances which merit release on bond. Accordingly, the Court recommends that the motion for bond be DENIED.

Date:   November 7, 2019               *s/ Jonathan D. Greenberg*
                                       Jonathan D. Greenberg
                                       United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**